United States District Court
Southern District of Texas
**ENTERED**
December 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2734 |
| | § | (CRIMINAL NUMBER H-12-581-1) |
| FIDEL GALARZA CARDENAS | § | |

## MEMORANDUM OPINION AND ORDER

The defendant, Fidel Galarza Cardenas, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 468).[1]  The United States has filed a Response to Cardenas's § 2255 Motion, Motion to Dismiss, and Motion for Summary Judgment ("United States' Response") (Docket Entry No. 472); and Cardenas has filed a Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, and Opposition to Motion to Dismiss and for Summary Judgment ("Defendant's Reply") (Docket Entry No. 474).  The court has carefully considered the parties' arguments, all submissions, and the governing legal authorities and concludes that the § 2255 Motion should be denied and the corresponding Civil Action (No. H-16-2734) dismissed for the reasons explained below.

---

[1]Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-12-581-1.  For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

## I. <u>Background</u>

Investigative reports prepared by federal, state, and local law enforcement identified Cardenas as the Houston-based leader of an alien and narcotics smuggling conspiracy undertaken by the Southwest Cholos, one of the largest and most active criminal street gangs in the Houston area.[2]  As part of this conspiracy, agents determined that undocumented aliens were being smuggled into the United States from Mexico in exchange for their agreement to carry backpacks of marijuana with them along the trip.[3]  Agents further determined that Cardenas and his cohorts were responsible for trafficking approximately 1,300 pounds of marijuana, which was transported from the border to Cardenas's local residence for distribution.[4]

A grand jury returned an Indictment against Cardenas, charging him with conspiracy to smuggle undocumented aliens into the United States (count one) and conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (count two).[5]  The Indictment included a notice of intent to seek criminal forfeiture of any property "constituting, or derived from, any proceeds obtained, directly or indirectly," as a result of the alleged

---

[2]Presentence Investigation Report, Docket Entry No. 276, p. 4.

[3]<u>Id.</u>

[4]<u>Id.</u> at 8.

[5]Indictment, Docket Entry No. 1, pp. 1-7.

violations, and any property "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations."[6]

On June 6, 2013, Cardenas pled guilty pursuant to a written Plea Agreement to the drug smuggling charges lodged against him in count two of the Indictment.[7]   Under the terms of the Plea Agreement, Cardenas waived the right to appeal "the sentence imposed or the manner in which it was determined" and the right to "contest or 'collaterally attack' . . . the conviction or sentence by means of any post-conviction proceeding."[8]  Cardenas also agreed to forfeit "whatever interest he may have in assets related to narcotics trafficking" and consented to any "agreed order of forfeiture or judgment" with respect to those assets.[9]

On July 23, 2013, the United States filed a Motion for Preliminary Order of Forfeiture of Cardenas's residence located at 19819 Crossfalls Lane, Cypress, Harris County, Texas ("Crossfalls Lane Property") as property that was both purchased with proceeds related to narcotics trafficking and used, or intended to be used, to facilitate the commission of that offense.[10]   The court granted

---

[6]Id. at 7-8.

[7]Plea Agreement, Docket Entry No. 201, p. 1.

[8]Id. at 3 ¶ 8.

[9]Id. at 9 ¶¶ 18, 19.

[10]Motion for Preliminary Order of Forfeiture, Docket Entry No. 212, p. 1.

that Motion and entered a Preliminary Order of Forfeiture on August 30, 2013.[11]

Based on the amount of marijuana involved, the Presentence Investigation Report ("PSR") calculated Cardenas's base offense level at 32, but recommended an increase of four levels for his role as an organizer/leader in the offense, raising the adjusted offense level to 36.[12]   With a reduction of three levels for acceptance of responsibility, Cardenas's total offense level was calculated at 33.[13]   With his placement in Criminal History Category II,[14] Cardenas faced a potential sentence of 151-188 months' imprisonment under the Sentencing Guidelines.[15]

Defense counsel objected to the four-level increase based on Cardenas's role as an organizer/leader.[16]   He also objected to the calculation of Cardenas's criminal history score and the overall quantity of the marijuana involved in the offense.[17]

At the November 22, 2013, sentencing the court overruled defense counsel's objections, adopted the PSR, and sentenced

---

[11]Preliminary Order of Forfeiture, Docket Entry No. 219.

[12]PSR, Docket Entry No. 276, p. 29.

[13]Id.

[14]Id. at 30.

[15]Sentencing Transcript, Docket Entry No. 435, p. 5.

[16]Defendant's Notice of Objections to the PSR and Request for Downward Departure, Docket Entry No. 348, pp. 1-3.

[17]Id.

Cardenas to 168 months' imprisonment followed by a four-year term of supervised release.[18]   The court also ordered Cardenas to pay a $100 special assessment.[19]   Consistent with the Plea Agreement, the United States filed a "Motion to Dismiss Count [One] of Indictment," which the court granted.[20]   The court also entered an Order of Forfeiture at Sentencing, which made the Preliminary Order of Forfeiture signed on August 30, 2013, final.[21]

Cardenas filed a timely Notice of Appeal.[22]   His appointed appellate attorney filed a brief in accordance with <u>Anders v. California</u>, 87 S. Ct. 1396 (1967), certifying that there were no non-frivolous grounds for review.[23]   In response, Cardenas filed a pro se brief that raised seven issues, including a claim that his counsel was ineffective for failing to raise certain objections to the PSR.[24]   After reviewing the <u>Anders</u> brief, the brief filed by Cardenas, and the record, the Fifth Circuit agreed that there was no non-frivolous issue for appellate review and dismissed the

---

[18]Sentencing Transcript, Docket Entry No. 435, pp. 3-5, 9-10; Judgment in a Criminal Case, Docket Entry No. 376, pp. 2, 3.

[19]Judgment in a Criminal Case, Docket Entry No. 376, p. 5.

[20]Government's Motion to Dismiss Count of Indictment, Docket Entry No. 366, p. 1; Order, Docket Entry No. 371, p. 1.

[21]Order of Forfeiture at Sentencing, Docket Entry No. 372, p. 1.

[22]Docket Entry No. 375.

[23]Brief for Appellant, Exhibit A to United States' Response, Docket Entry No. 472-1, pp. 2-41.

[24]Pro Se Brief for Appellant, Exhibit B to United States' Response, Docket Entry No. 472-2, pp 3-23.

-5-

appeal.[25]   The Fifth Circuit declined to consider Cardenas's ineffective-assistance allegation without prejudice to raising that claim on collateral review.[26]

Cardenas then filed the pending § 2255 Motion, which includes a Memorandum of Law and Facts in Support of Motion to Vacate, Set Aside or Correct Sentence ("Supporting Memorandum").[27]   In his sole ground for relief Cardenas contends that his guilty plea was the product of ineffective assistance of counsel because he would have entered an "open plea" to the Indictment to avoid the effects of the waivers contained in the Plea Agreement if he had been advised that this was an option.[28]   The government argues that Cardenas is not entitled to relief and that the § 2255 Motion must be denied because it is barred by his knowing and voluntary waiver of collateral review.   Alternatively, the government argues that the § 2255 Motion must be denied because Cardenas's ineffective-assistance claim lacks merit.

## II.   Standard of Review

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the

---

[25]Opinion in United States v. Cardenas, No. 13-20726 (5th Cir. June 30, 2015) ("Fifth Circuit Opinion"), Docket Entry No. 458, pp. 1-2.

[26]Id.

[27]§ 2255 Motion, Docket Entry No. 468, pp. 1-12; Supporting Memorandum, attached to § 2255 Motion, Docket Entry No. 468-1, pp. 1-7.

[28]§ 2255 Motion, Docket Entry No. 468, p. 4; Supporting Memorandum, attached to § 2255 Motion, Docket Entry No. 468-1, p. 1.

sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A prisoner seeking relief under 28 U.S.C. § 2255 "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. United States v. Frady, 102 S. Ct. 1584, 1593 (1982). After a conviction has been affirmed on appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). For this reason, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

### III. Discussion

#### A. Waiver of Collateral Review

Noting that Cardenas waived the right to seek collateral review of his conviction and sentence when he pled guilty pursuant

to the parties' written Plea Agreement, the government argues that the § 2255 Motion must be dismissed.[29]  The record reflects that Cardenas read and understood the written Plea Agreement, which includes an explicit, unambiguous waiver of the right to pursue collateral relief.[30]  Under these circumstances, the waiver was both knowing and voluntary.  See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).  As a general rule, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Cardenas argues that the waiver does not apply because his claim directly affects the validity of the plea and the waiver.[31] In particular, Cardenas claims that he would not have pled guilty pursuant to the Plea Agreement with its waiver of appeal and collateral review if his counsel had advised him that he could maintain the right to challenge his conviction and sentence by entering an open plea.[32]  A claim of ineffective assistance of counsel survives a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  To the

---

[29]United States' Response, Docket Entry No. 472, pp. 7-15.

[30]Rearraignment Transcript, Docket Entry No. 426, pp. 21-22, 24-27.

[31]Defendant's Reply, Docket Entry No. 474, p. 1.

[32]§ 2255 Motion, Docket Entry No. 468, p. 4; Supporting Memorandum, attached to § 2255 Motion, Docket Entry No. 468-1, p. 1.

extent that Cardenas's ineffective-assistance claim takes issue with the validity of his plea and the waiver, his claim survives the waiver.  Accordingly, the court will consider Cardenas's claim that he was denied effective assistance of counsel in connection with his guilty plea pursuant to the written Plea Agreement.

## B.  Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel.  See Yarborough v. Gentry, 124 S. Ct. 1, 4 (2003).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).  A defendant asserting ineffective assistance of counsel therefore must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense.  Id.  "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."  Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).  "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

"The performance prong of Strickland requires a defendant to show that counsel's representation fell below an objective standard

of reasonableness." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012) (internal quotation marks and citation omitted). "Therefore, courts may not fall prey to 'the distorting effect of hindsight' but must be 'highly deferential' to counsel's performance." <u>Carter</u>, 131 F.3d at 463 (quoting <u>Strickland</u>, 104 S. Ct. at 2065-66). "Hence, there is a strong presumption that the performance 'falls within the wide range of reasonable professional assistance.'" <u>Id.</u> (same). The burden is on the defendant to overcome this presumption. <u>Id.</u>

To establish <u>Strickland</u> prejudice a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> In the guilty-plea context, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." <u>Hill v. Lockhart</u>, 106 S. Ct. 366, 370 (1985). The defendant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u>; <u>see also</u> <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1409 (2012) (stating that to establish prejudice the defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable" to him).

## C.   Cardenas's Ineffective-Assistance Claim

Cardenas contends that his guilty plea was the product of ineffective assistance of counsel because he would have entered an "open plea" to the Indictment to avoid the effects of the waivers contained in the Plea Agreement if his defense attorney had told him this was an option.[33]   Cardenas does not allege that he would have received a more favorable sentence if he had been given the option to enter an open plea.[34]   Cardenas argues that he was prejudiced by pleading guilty pursuant to the Plea Agreement because, with its waiver of collateral review, he forfeited his "right to make claims of sentencing and appellate ineffectiveness."[35]   He also allegedly lost the right to challenge the forfeiture of his home.[36]

Because it is dispositive, the court first considers whether Cardenas has demonstrated the requisite prejudice.  See Strickland,

---

[33]§ 2255 Motion, Docket Entry No. 468, p. 4; Supporting Memorandum, attached to § 2255 Motion, Docket Entry No. 468-1, p. 1.

[34]Although the parties argue about whether pleading guilty to one count pursuant to the Plea Agreement was more beneficial than an open plea to a two-count indictment, the government concedes that the sentencing range under the Guidelines would have been the same.  See United States' Response, Docket Entry No. 472, pp. 19-20; Defendant's Reply, Docket Entry No. 474, pp. 2-3.  Because Cardenas does not demonstrate that he was prejudiced by the Plea Agreement for reasons explained below, the court need not decide this issue.

[35]Supporting Memorandum, attached to § 2255 Motion, Docket Entry No. 468-1, p. 6.

[36]Id.

-11-

104 S. Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The determination of whether counsel's error constitutes prejudice depends on the success of the claims that Cardenas forfeited as the result of the Plea Agreement. See Hill, 106 S. Ct. at 370-71; see also United States v. Batamula, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (holding that the defendant is required to show that, but for counsel's errors, he had "a reasonable chance of obtaining a more favorable result").

Cardenas asserts, without providing any facts in support, that he was prejudiced by the Plea Agreement's waiver of collateral review because he has been denied the ability to lodge ineffective-assistance claims concerning his sentencing and direct appeal.[37] Cardenas's appointed appellate counsel filed a 40-page brief on direct appeal, reviewing the entire record "for any arguable violations of the Constitution, Federal Statutes, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Sentencing Guidelines."[38] Based on this detailed review, counsel concluded that there were no non-frivolous appellate issues arising from the guilty plea or sentencing.[39] The Fifth Circuit reached the same conclusion and dismissed the appeal

---

[37]Id.

[38]Brief for Appellant, Exhibit A to United States' Response, Docket Entry No. 472-1, p. 4.

[39]Id. at 23-34.

as frivolous.[40]  Cardenas does not attempt to demonstrate that his
sentence was calculated incorrectly or that his trial counsel had,
but failed to make, a valid objection.  Cardenas further fails to
show that, but for his appellate attorney's failure to raise a non-
frivolous issue, "he would have prevailed on his appeal." Smith v.
Robbins, 120 S. Ct. 746, 764 (2000).  His conclusory allegations
are not sufficient to make a claim for ineffective assistance of
counsel.  See United States v. Demik, 489 F.3d 644, 646 (5th Cir.
2007) (stating that "conclusional allegations" and general claims
are insufficient to establish ineffective assistance or to require
an evidentiary hearing on that issue); see also United States v.
Holmes, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allega-
tions in support of a claim of ineffective assistance of counsel
are insufficient to raise a constitutional issue.") (quoting Green
v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998)).  Cardenas has
therefore not shown that he was prejudiced by the waiver of
collateral review found in the Plea Agreement.

Cardenas has also failed to show that he lost the right to
challenge the forfeiture of his home under the Plea Agreement.  As
the government correctly notes, the Plea Agreement simply required
Cardenas to forfeit "whatever interest he may have in assets
related to narcotics trafficking."[41]  Cardenas does not demonstrate
that he was unable to contest the forfeiture of his residence.

---

[40]Fifth Circuit Opinion, Docket Entry No. 458, pp. 1-2.

[41]Plea Agreement, Docket Entry No. 201, p. 9.

Even assuming that he was, Cardenas does not allege facts or present evidence showing that the Crossfalls Lane Property was improperly forfeited because it was not purchased with proceeds derived, directly or indirectly, from narcotics trafficking or used to commit or facilitate the commission of the narcotics smuggling offense alleged in the Indictment. Because Cardenas has not shown that he was denied the opportunity to raise a meritorious challenge to the forfeiture of his home, he has not established that he would have achieved a more favorable result if he had entered an open plea. Accordingly, he has not shown that the outcome of the plea process would have been different with competent advice or that he was prejudiced by pleading guilty pursuant to the Plea Agreement. See Batamula, 823 F.3d at 243.

Because Cardenas has failed to allege the requisite prejudice necessary to demonstrate a violation of the above-referenced Strickland standard, he has not established a valid claim and he is not entitled to relief. The § 2255 Motion will be denied and this action will be dismissed.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Cardenas has not shown that his claims could be resolved in a different manner, a certificate of appealability will be denied.

## V.  <u>Conclusion and Order</u>

Based on the foregoing, the court **ORDERS** as follows:

1.    The United States' Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 472) is **GRANTED**.

2.    Fidel Galarza Cardenas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 468) is **DENIED**; and this action will be dismissed with prejudice.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 16th day of December, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE