IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-0619 |
| | § | (CRIMINAL NO. H-12-581-01) |
| FIDEL GALARZA CARDENAS | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Fidel Galarza Cardenas (Register No. 23914-379), has filed a "Motion to Appeal Under the 2255 Form of Appeals to Set Aide, to Vacate, or to Correct Sentence," which seeks relief from the administration of his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") (Docket Entry No. 523).[1] The court has carefully reviewed this case. Based on this review, the court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the pending § 2255 Motion will be denied and the corresponding Civil Action No. H-20-0619 will be dismissed for the reasons explained below.

**I. Background**

A grand jury returned an Indictment charging Cardenas with conspiracy to smuggle undocumented aliens into the United States

---

[1]Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-12-0581-01. For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

(Count One) and conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (Count Two).[2] On June 6, 2013, Cardenas pled guilty pursuant to a written plea agreement to the drug trafficking charges in Count Two of the Indictment.[3] At a sentencing hearing on November 22, 2013, the court sentenced Cardenas to 168 months' imprisonment followed by a four-year term of supervised release.[4]

Cardenas filed an appeal, which the Fifth Circuit dismissed after finding that there were no non-frivolous issues for review.[5] Thereafter, on September 8, 2016, Cardenas filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Initial § 2255 Motion"),[6] which the court denied on December 16, 2016.[7] Cardenas did not appeal that decision.

On February 14, 2020, Cardenas filed the pending § 2255 Motion, alleging that the calculation of his time credits is "incorrect."[8] Specifically, Cardenas notes that he was arrested on

---

[2]Indictment, Docket Entry No. 1, pp. 1-7.

[3]Plea Agreement, Docket Entry No. 201, p. 1.

[4]Sentencing Transcript, Docket Entry No. 435, pp. 9-10; Judgment in a Criminal Case, Docket Entry No. 376, pp. 2, 3.

[5]Opinion in United States v. Cardenas, No. 13-20726 (5th Cir. June 30, 2015), Docket Entry No. 458, pp. 1-2.

[6]Initial § 2255 Motion, Docket Entry No. 468, pp. 1-12.

[7]Memorandum Opinion and Order, Docket Entry No. 478, pp. 1-16.

[8]§ 2255 Motion, Docket Entry No. 523, p. 1.

February 11, 2012, and sentenced on November 22, 2013, but that the United States Bureau of Prisons ("BOP") has not given him time credit that he deserves for the time he spent in custody following his arrest.[9] He seeks relief in the form of additional time credits that would result in his speedier release from federal prison.[10]

## II. Discussion

The record reflects that before he was sentenced in this case Cardenas was arrested by Houston police officers on February 11, 2012, and charged with possession of cocaine in Harris County Cause No. 1336880.[11] Cardenas pled guilty in that case on May 25, 2012, and received a sentence of four years in the Texas Department of Criminal Justice ("TDCJ").[12] To the extent that Cardenas claims he was not given credit towards his federal sentence for time spent in state custody, his claims are not actionable in a motion under 28 U.S.C. § 2255.

A federal district court lacks authority to calculate an inmate's time credits. See 18 U.S.C. § 3585(b) (stating that the BOP may grant credit towards a term of imprisonment if a defendant has been detained "prior to the date the sentence commences" and

---

[9]Id. at 1-2.

[10]Id.

[11]Presentence Report, Docket Entry No. 276, p. 30.

[12]Id.

the time spent in custody "has not been credited against another sentence"); see also In re United States Bureau of Prisons, Dep't of Justice, 918 F.3d 431, 438 (5th Cir. 2019) ("The Supreme Court has squarely held that § 3585(b) 'does not authorize a district court to compute the credit at sentencing.'") (quoting United States v. Wilson, 112 S. Ct. 1351, 1354 (1992)); Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010) (observing that "[o]nly the Attorney General, through the BOP, may compute a prisoner's credits") (citation omitted). The court therefore lacks jurisdiction to consider Cardenas's claims in a motion filed under § 2255.

Challenges to the administration of an inmate's sentence with regard to the calculation of his time credit are actionable, if at all, in a habeas petition under 28 U.S.C. § 2241 after administrative remedies are exhausted. See United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990) (holding that claims concerning the execution or calculation of a sentence by the BOP are actionable under § 2241, but are "not cognizable in § 2255 proceedings"); see also Zuniga v. Lynch, 619 F. App'x 366, 367 (5th Cir. 2015) (per curiam) ("Section 2241 is the proper procedural vehicle by which a federal prisoner may challenge 'the manner in which a sentence is executed.'") (quoting Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005)).

Even if the court construed Cardenas's pending motion to arise under 2241, it would still lack jurisdiction. To entertain a habeas petition governed by § 2241 a federal district court must

have jurisdiction over the petitioner or his custodian when the petition is filed. See Gabor, 905 F.2d at 78 (citations omitted); see also Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1129-30 (1973) (observing that the writ of habeas corpus acts upon the person who holds him in what is alleged to be unlawful custody; therefore, the court must have jurisdiction over the custodian). Therefore, a § 2241 petition must be filed in the federal district where the petitioner is physically present. Gabor, 905 F.2d at 78; see also Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001) (emphasizing that "the district of incarceration is the only district that has jurisdiction to entertain [an applicant's] § 2241 petition") (citations omitted).

The record reflects that Cardenas is in custody at a Federal Correctional Institution located in Oakdale, Louisiana, which is not within the Southern District of Texas. The court declines to re-characterize Cardenas's § 2255 Motion as a petition under § 2241 or transfer the case because he does not provide any information showing that he has attempted to exhaust administrative remedies with respect to the calculation of his time credits as required before seeking relief. Because Cardenas has not established a valid claim for relief under § 2255, his § 2255 Motion must be denied and the corresponding civil action will be dismissed without prejudice for lack of jurisdiction.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Because Cardenas does not make this showing, a certificate of appealability will be denied.[13]

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Motion to Appeal Under the 2255 Form of Appeals to Set Aide, to Vacate, or to Correct Sentence filed by Fidel Galarza Cardenas (Docket Entry No. 523) is **DENIED**, and this civil action will be dismissed without prejudice for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

---

[13]Alternatively, to the extent that the petition is governed by 28 U.S.C. § 2241, a certificate of appealability is not required where the petitioner is a federal prisoner. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997)).

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 12th day of March, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE